UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-11149-RGS

KIERA GREAVES and KIERA GREAVES p/n/g S.C.

v.

DAVID P. DAVIS

MEMORANDUM AND ORDER ON MOTION IN LIMINE

June 20, 2025

STEARNS, D.J.

This case concerns a motor vehicle accident involving plaintiffs Kiera Greaves and her minor child S.C., defendant/third-party plaintiff David Davis, and third-party defendant Karyn Hall-Redcross. Before the court is Davis's motion in limine to preclude the testimony of plaintiffs' proffered experts, Dr. Nikhil Thakur and Alisa Dayanim. For the following reasons, the court will deny the motion.

Two gateposts frame the exercise of a judge's discretion to admit or exclude expert testimony. First, the proffered witness must be shown to be sufficiently qualified by "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Second, the Federal Rules of Evidence require that the judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but [also] reliable" (and helpful to the finder of

1

fact).  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).  "[T]he trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."  *Id.* at 592.  "This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."  *Id.* at 592-593.  Some of the factors relevant to determining whether a methodology is valid are: (1) whether a theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether there is widespread acceptance of the theory or technique in the relevant scientific community.  *See id.* at 593-594.

First, Davis moves to preclude Dr. Thakur's proffered opinions on causation, claiming that he fails to satisfy the requirements of Federal Rule of Evidence 702 and *Daubert*.  *See* Dkt. # 31 at 7.  Davis does not dispute Dr. Thakur's – a board-certified orthopedic spine surgeon – medical training or experience, but contends that Dr. Thakur fails to identify the methodology he applied and fails to reconcile his opinions with the facts of the case.  *See*

2

*id.* The court is not persuaded.[1] Dr. Thakur's opinions are derived from an independent medical examination he conducted of Greaves on January 23, 2025, following the June 24, 2023 accident, and his interpretation of Greaves's medical records, including her treatment records from Integrative Chiro Services, diagnostics from Norwood Hospital, MRI results from Reyes Radiology, and other medical records from University Orthopedics and Norwood Comprehensive Pain Management. *See* Dkt. # 31-6 at 1. Davis next contends that the opinion should be excluded because Dr. Thakur erroneously relied on Greaves's statement that she had never suffered from pain or numbness in her upper extremities prior to June 24, 2023, arguing that her lack of complaints of pain prior to the accident are "demonstrably untrue." Dkt. # 31 at 8. However, questions about the strength of "the factual underpinning of an expert's opinion" are "matter[s] affecting the weight and credibility of the testimony" and therefore "a question to be resolved by the jury." *Rodriguez v. Hosp. San Cristobal, Inc.,* 91 F.4th 59, 71-72 (1st Cir. 2024), quoting *Daubert,* 509 U.S. at 595.

Second, Davis moves to preclude Dr. Thakur's opinion regarding Greaves's future medical treatment needs on the grounds that it is "merely

---

[1] A prognosis based on the examination of a patient and an analysis of the medical records by a trained medical professional is a long established and accepted method of predicting future patient outcomes.

3

precatory" and is not expressed in terms of probability. *See* Dkt. # 31 at 9. Under Massachusetts law, with respect to future damages, "[a] plaintiff is entitled to compensation for all damages that reasonably are to be expected to follow, but not to those that possibly may follow, the injury which [s]he has suffered." *Donovan v. Philip Morris USA, Inc.*, 455 Mass. 215, 223 (2009) (citation and quotation marks omitted). A plaintiff "is not restricted to compensation for suffering and expense" that "will inevitably follow," because "suffering and expense following an injury cannot be foretold with exactness." *Rivera v. Safway Servs., LLC,* 2025 WL 1194758, at *2 (D. Mass. Apr. 23, 2025), quoting *Donovan*, 455 Mass. at 233. Rather, a plaintiff may be compensated for expenses "which by a fair preponderance of the evidence [she] has satisfied the jury reasonably are to be expected to follow." *Id.*, quoting *Donovan*, 455 Mass. at 233.

Two sessions of this court came to different conclusions about whether Dr. Thakur's proffered opinion on future medical care was too speculative to be admissible. *Compare Arcudi v. Builder Servs. Group, Inc.*, 673 F. Supp. 3d 9, 15 (D. Mass. 2023) (holding that Dr. Thakur's testimony regarding plaintiff's future surgical needs was too precatory to be admissible), *with Rivera v. Safway Servs., LLC*, 2025 WL 1194758, at *2 (D. Mass. Apr. 23, 2025) (holding that Dr. Thakur's opinion that was based on "a reasonable

4

degree of medical probability" that plaintiff would benefit from a number of treatments did not warrant exclusion). This is unlike *Arcudi*, in which Dr. Thakur "merely opine[d] that it would be to [the plaintiff's] benefit if she were to visit a surgeon who would then evaluate her, and the surgeon would then consider whether they recommend . . . surgery." *Arcudi*, 673 F. Supp. 3d at 15. Here, Dr. Thakur has concluded that "[t]o a reasonable degree of medical probability, [Greaves] would benefit from both carpal tunnel and cubital tunnel releases in her upper extremities on the left side and cubital tunnel release on the right side" and from follow up with her "Hand/upper extremity surgeon." *See* Dkt. # 31-6 at 5. Having determined that such an opinion is not too speculative or likely to confuse a jury, the court will not exclude Dr. Thakur's testimony.[2]

Third, Davis seeks to exclude Alisa Dayanim's damages projections for Greaves's future surgery solely because Dayanim's projections rely on the contents of Dr. Thakur's report. *See* Dkt. # 31 at 10. Dayanim is a Certified Rehabilitation Registered Nurse and Certified Nurse Life Care Planner who works for the Verity Group in the field of life care planning and medical cost

---

[2] Defendant reads too much into the word "precatory." While in a wills and estates context, it usually means a wish falling short of a command, in a broader, non-legal context, it can also mean that which is expected or anticipated. In any event, Dr. Thakur stated his opinion as one with a reasonable degree of medical probability.

5

projections. *See* Dkt. # 33 at 9; Dkt. # 25-5 at 2. Because the court will not exclude Dr. Thakur's statements, it will not exclude Dayanim's derivative testimony either. *See Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 9 (1st Cir. 2001) ("When an expert relies on the opinion of another, such reliance goes to the weight, not to the admissibility of the expert's opinion.").

## ORDER

For the foregoing reasons, Davis's motion in limine is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE